UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET BROOKS, | No.  2:25-cv-3693-DC-SCR |
| Plaintiff, | |
| v. | FINDING & RECOMMENDATIONS |
| UNITED STATES, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se, and this matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On January 7, 2026, the undersigned explained that the allegations in the Complaint failed to establish either venue in this District or the Court's personal jurisdiction over the defendants:

> Plaintiff lists her address as Monterrey, California. ECF No. 1 at 1. Plaintiff names as Defendants an individual located in Wisconsin, two individuals located in either Minnesota or Texas, one individual in Illinois, his Illinois-based counsel, the Circuit Court of Cook County in Illinois, and the United States as a whole. Id. at 2-3. The Complaint's primary allegation is that some of these Defendants are using a microchip illegally implanted during surgery to cyberstalk Plaintiff, colluding with Tesla in the process. Id. at 2, 4. An exhibit from December 6, 2025, shows Plaintiff's search on her iPhone for a nearby Wal-Mart yielding results from Texas, despite being in Santa Cruz, California at the time. *Id.* at 6. More generally, the Complaint alleges Defendants have deprived Plaintiff and her children of their right to privacy in their own home and car for the past 16 years, and seeks $76 million in damages. *Id.* at 3-4.

1

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Personal jurisdiction, in turn, requires that a nonresident defendant "have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice'." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (internal citation omitted). Personal jurisdiction can be general or specific. For general jurisdiction to exist over a nonresident defendant, the defendant must engage in continuous and systematic general business contacts that "approximate physical presence" in the forum state. *Id.* Alternatively, for a court to have personal jurisdiction over a defendant's specific conduct:

> "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) The claim must be one which arises out of or relates to the defendant's forum related activities; and
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Id.* at 802.

None of the Defendants are California residents, nor are they residents of the same state. ECF No 1 at 2. The Complaint also fails to allege that any of the events underlying the claim transpired in this District. The only nonconclusory allegation concerns Plaintiff's search for a Wal-Mart while in Santa Cruz, located in the Northern District of California. Id. at 6. Venue accordingly appears to be lacking in the Eastern District of California. Moreover, the absence of allegations of Defendants' conduct in California, aside from Plaintiff's maps search on her own phone, seemingly leaves this Court without general or specific personal jurisdiction.

ECF No. 3 at 2-3.  Accordingly, the Court issued an order to show cause ("OSC"), within 21 days, as to why this action should not be dismissed due to improper venue and/or the absence of personal jurisdiction.  ECF No. 3 at 3.  Plaintiff responded to this OSC on January 26, 2026.  ECF No. 4.

Plaintiff's response, however, does not suggest additional facts that would establish either venue or personal jurisdiction.  It primarily emphasizes the factual allegations underlying the claims against the defendants in various other actions pending in this District.  To the extent that Plaintiff alleges obstruction of civil proceedings in another federal district (ECF No. 4 at 2), that would not transform this District into an alternative venue for such action.

In accordance with the above, **IT IS HEREBY RECOMMENDED THAT** this action be dismissed without prejudice for improper venue and lack of personal jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3